No. 610, Misc. IN RE ELECTRIC POWER & LIGHT CORP. ET AL. The petitions for a stay are denied. MR. JUSTICE

REED, MR. JUSTICE DOUGLAS, and MR. JUSTICE JACKSON took no part in the consideration or decision of these applications. *Samuel Becker* and *Nathan B. Kogan* for certain committees for common stockholders of the Electric Power & Light Corp., petitioners. Memoranda opposing the petitions were filed by *Solicitor General Perlman* and *Roger S. Foster* for the Securities & Exchange Commission; *Daniel James* for the Electric Power & Light Corp.; *John F. MacLane* for the Electric Bond & Share Co.; and *Percival E. Jackson* for a certain preferred stock committee, respondents.

MR. JUSTICE FRANKFURTER, with whom MR. JUSTICE MURPHY joins, dissenting.

This is a motion to stay the execution of a plan of dissolution of Electric Power & Light Corporation as ordered by the Securities and Exchange Commission under § 11 (b) of the Public Utility Act of 1935. The Commission brought proceedings to enforce its order before the United States District Court for the Southern District of New York and that court, having found the plan "fair and equitable," ordered its enforcement. That court also denied motions for a stay of the execution of the plan. The petitioners took appeals from the order of enforcement to the Court of Appeals for the Second Circuit and asked for a stay of the execution of the plan pending appeal. It is conceded that such appeals would become nugatory if before their disposition the plan be executed. The Commission, naturally enough therefore, in its memorandum in opposition to the motions for stay before this Court, indicates that whether the requested stay should be granted or withheld turns on "the merit or lack of merit in the appeals."

But the merits of the appeals before the Court of Appeals should be determined by that court and not here. If, on the motions for stay, that court had concluded that

the appeals were frivolous, the motions for stay would fall with the dismissal of the appeals. But the Court of Appeals has not found the appeals frivolous. On the contrary, when the motions for stay came before the Court of Appeals it suggested that the appeals be expedited by setting them for argument on the merits on a "typewritten record and briefs." The Commission and the other parties now opposing these motions resisted that suggestion "because of the serious consequences of delay . . . and the absence of any issues of substance." The Court of Appeals took the matter under advisement and thereafter denied the stay but still did not find the appeals frivolous and as such dismiss them. On the contrary, it indicated that if the appellants wished the court would set the appeals for an early hearing.

Even though Congress gives an appeal as a matter of right in a defined class of cases, a Court of Appeals may find that an appeal is wholly without merit and an abusive attempt to invoke its jurisdiction, just as this Court may dismiss an appeal for want of substantiality although on the surface a case may fall in the category of controversies for which Congress has conferred an appeal as of right. Inasmuch as the Court of Appeals here has not found the appeals so lacking in merit as to call for their dismissal, but on the contrary is continuing to entertain the appeals, I cannot bring myself to agree that the right of appeal which Congress has conferred upon appellants is to be denied by rendering it wholly ineffectual. This Court ought not to be called upon in the first instance to determine whether an appeal is without substance when the Court of Appeals has refused to do so, when it is that court and not this Court to which the appeal lies.

I am duly mindful of the considerations that are urged as to the consequences of further delay. But I should think that a court of equity is not without resources to devise means for avoiding unjust enrichment by the ap-

pellants should the appeals ultimately go against them. In any event, if the appeals are without substance and should therefore be dismissed as frivolous, that conclusion ought to be capable of being summarily determined by the Court of Appeals without further delay. The disposition this Court is making of these motions is a shortcut that seems to me to disregard the relevant considerations for the exercise of appellate jurisdiction.

*Certiorari Granted.* (*See also No. 500, ante, p. 38, and No. 670, supra.*)